IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 05-cv-00783-LTB-CBS

TMJ IMPLANTS, INC.,

Plaintiff,

v.

AETNA, INC.; CIGNA CORPORATION; CONNECTICUT GENERAL CORPORATION; CONNECTICUT GENERAL LIFE INSURANCE COMPANY; CIGNA DENTAL HEALTH, INC.; CIGNA HEALTH CORPORATION; HEALTHSOURCE, INC.; CIGNA DENTAL HEALTH OF COLORADO, INC.; and CIGNA HEALTHCARE OF COLORADO, INC.,

Defendants.

_____

ORDER
_____

On December 13, 2005, I dismissed by order all claims against the defendant Aetna, Inc. ("Aetna") and the CIGNA Defendants – CIGNA Corporation ("CIGNA"); Connecticut General Corporation; Connecticut General Life Insurance Company; CIGNA Dental Health, Inc.; CIGNA Health Corporation; Healthsource, Inc.; CIGNA Dental Health of Colorado, Inc.; and CIGNA Healthcare of Colorado, Inc. – after finding and concluding that the defendants' published statements, on which the claims of the plaintiff, TMJ Implants, Inc. ("TMJI"), were predicated, were privileged opinions and not defamatory recitations of fact. The defendants all now move for awards of attorney fees. The motions are adequately briefed and oral arguments would not materially aid their resolution.

Colo. Rev. Stat. § 13-17-201 provides,

In all actions brought as a result of a death or an injury to person or property occasioned

> by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action. This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure.

As the defendants point out, fee awards are mandatory following dismissal pursuant to Fed. R. Civ. P. 12(b) of Colorado state tort claims. *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000).

TMJI argues that, though I purported to dismiss its claims pursuant to Rule 12(b), in fact I did so pursuant to Rule 56 because I considered materials outside the Amended Complaint. It disputes neither that it referred to the ostensibly offending documents in its Amended Complaint – indeed, it quoted from them at some length – nor that the documents were central to its claims. *MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002), *cert. denied* 539 U.S. 902 (2003). Rather, it ascribes to me two missteps. First, it asserts that I wrongly considered a disclaimer attendant to Aetna's document. On the contrary, I expressly declined to do so.

Second, TMJI argues that I improperly considered disputed versions of the documents. However, I considered all proffered versions of the documents and the scant differences between them were immaterial to my findings and conclusions. A newly-tendered iteration of Aetna's statements, which TMJI's counsel attach to their response to the instant motions and purport to have had in mind when they drafted the Amended Complaint, has no bearing on the issue before me; these are not motions to reconsider my ruling.

TMJI concedes the reasonableness of the CIGNA Defendants' fee request – $13,701.50 – but challenges Aetna's – $78,937.60. The disparity between the two requests is notable and gives

reason to pause. Also, Aetna has not supported its request with a meticulous, contemporaneous record of its expenditures. Instead, it has disclosed only the total amount it incurred each month, the range of hourly fees of attorneys whose work was billed, and the total number of hours each month of all attorneys who worked on the case. From this summary, I cannot discern the hours for which compensation is requested, how those hours were allotted to relevant tasks, who performed those tasks, or whether each of the time expenditures was reasonable. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

Aetna objects that TMJI has not proven that its fee request is unreasonable. However, Aetna bears the burdens of proof and persuasion of reasonableness. *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000). It has met neither.

The CIGNA Defendants' request, the reasonableness of which TMJI concedes, represents an effort commensurate with Aetna's reasonable exertions. Aetna and the CIGNA Defendants published similar statements, dealt with the same legal issues on motions to dismiss, and made similar arguments. The CIGNA Defendants' counsel charged $225 per hour for their own services and $110 for the services of their legal assistant. I find that those rates are reasonable in the Denver legal market. In the absence of an itemized account from Aetna's counsel, and mindful of the equivalence of the issues faced by all the defendants on Rule 12 motions, I find and conclude that the amount requested by the CIGNA Defendants represents a reasonable fee award both for the CIGNA Defendants and for Aetna.

Accordingly it is ORDERED that:

1) Aetna's motion for attorney fees is GRANTED in part and DENIED in part;

2) the CIGNA Defendants' motion for attorney fees is GRANTED;

3) Aetna is awarded fees of $13,701.50; and

4) the CIGNA Defendants are awarded fees of $13,701.50.


Dated: March  2 , 2006, in Denver, Colorado.

                                                                      BY THE COURT:

                                                    s/Lewis T. Babcock
                                                    Lewis T. Babcock, Chief Judge